K. Randolph Moore, Esq. SBN 106933
MOORE LAW FIRM, P.C.
332 N. Second Street
San Jose, CA 95112
Telephone (408) 271-6600
Facsimile (408) 298-6046

Attorneys for Plaintiff

E-filing

ADR

FILED
2009 SEP 28 P 2:16
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

#5 Pd SI

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

THERESA WALLEN,
Plaintiff,
vs.
BIG 5 SPORTING GOODS CORPORATION, BERRY RONNIE, and Does 1 - 10,
Defendants.

No. C09 04563 PVT
**Plaintiff's Complaint**

I. SUMMARY

1. This is a civil rights action by plaintiff **Theresa Wallen ("Wallen")** for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Big 5 Sporting Goods - #31
3132 Steven's Creek Blvd.
San Jose, CA 95117
(hereafter "Store")

2. Wallen seeks damages, injunctive and declaratory relief, attorney fees and costs, against BIG 5 SPORTING GOODS, INC., and BERRY

RONNIE, owners and operators of Big 5 Sporting Goods Store #31 ("Store"); and Does 1 – 10, pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 et seq.) and related California statutes.

II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5. Wallen's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b),(c).

IV. PARTIES

7. Big 5 Sporting Goods Corporation owns, operates, and/or leases the Store, and consists of a person (or persons), firm, and/or corporation.

8. Wallen is legally blind, suffers from a damaged nervous system in her legs impeding her ability to walk and requires use of a wheelchair when traveling about in public. Consequently, Wallen is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

V. FACTS

9. The Store is a public accommodation facility/retail store, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Wallen visited the Store and encountered barriers (both physical and intangible) that interfered with – if not outright denied – her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Wallen, the barriers at the Store included, but are not limited to, the following:

- The warning sign regarding the penalty for unauthorized use of designated disabled parking spaces is incorrect and does not provide either the phone number or address where the towed vehicles can be reclaimed;
- The required number of accessible parking spaces is not provided;
- Van accessible sign is improperly posted and does not meet requirements;
- There is no "Minimum Fine $250.00" sign posted at parking spaces nominally designated accessible;
- Parking spaces nominally designated accessible are not outlined or painted in blue;
- There are no signs posted along the accessible route of travel;
- There is no accessible route connecting accessible entrance with nominally designated accessible parking spaces;
- There is no continuous detectable warnings at the place the walkway crosses a vehicular way;
- Parking space nominally designated as van accessible is less than requisite minimum length;
- Parking space nominally designated as van accessible is less than requisite minimum width;
- Surface of the parking space nominally designated as van accessible exceeds 2.0%;

- The loading and unloading access aisle nominally designated as van accessible is improperly designed and is shorter that required;
- The loading and unloading access aisle nominally designated as van accessible is improperly marked;
    - Surface identification of the loading and unloading access aisle nominally designated as van accessible does not comply with striping regulations;
    - Words "NO PARKING" do not appear within nominally designated access aisle;
- Surface slope of the loading and unloading access aisle exceeds 2.0%;
- Surface slope of the path of travel/sidewalk exceeds 5%;
- There are no handrails provided along the path of travel/sidewalk;
- Cross slope of the sidewalk exceeds 2% gradient;
- Cross slope of sidewalk in front of the entrance exceeds 2.0% gradient;
- There is no International Sign of Accessibility at the public entrance to the store;
- There are no directional signage to the sanitary facilities;
- There is incorrect signage provided on the doors leading to toilet facilities;
- There is no Braille or raised lettering provided on the signs in existence;
- There is no accessible route leading to the single accommodation sanitary facility;
- Water fountain provided in the hallway is not accessible;
- There is no sufficient space provided for a wheelchair inside the single accommodation sanitary facility;
- The door of the single-accommodation sanitary facility swings into the clear floor space required for lavatory;

- Insufficient access is provided to lavatory;
- The water closet is adjacent to lavatory and sufficient clear floor space is not provided;
- The water closet installed is less than 17" high;
- There are no grab bars provided;
- Drain and hot water piping under the sink are not properly insulated;
- The sink does not provide 29" minimum clearance from bottom of apron to the floor;
- Sink exceeds requisite depth of 6 1/2;
- There is no space provided on the left of the door for the wheelchair and the door of the toilet room swings in;
- Mirror is mounted incorrectly;
- Operable parts of fixtures or accessories are located over 40" above floor;
- There is no clearance for a wheelchair at the entrance into the store from the hallway leading from the single-accommodation sanitary facility;
- Many aisles and walkways inside the store fail to meet the required 36" width;
- There is no required clearance at the end of the isles to make a turn;
- The handle on the dressing room door requires tight grasping and twisting of the wrist to operate;
- Mirror in the dressing room is mounted high;
- Mirror in the dressing room is less than 18 inches wide;
- Clothing hook in the dressing room is located more than 48" from the floor;
- There is no ISA signage provided on the door of the dressing room;
- There is no door closer installed on the dressing room door;
- Cashier counters are inaccessible;

- There are no accessible means of egress provided.

These barriers prevented Wallen from enjoying full and equal access.

11. Wallen was also deterred from visiting the Store because she knew that the Store's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as herself). She continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

12. Wallen also encountered barriers at the Store, which violate state and federal law, but were unrelated to her disability. Nothing within this complaint, however, should be construed as an allegation that Wallen is seeking to remove barriers unrelated to her disability.

13. Big 5 Sporting Goods Corporation knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Big 5 Sporting Goods Corporation has the financial resources to remove these barriers from the Store (without much difficulty or expense), and make the Store accessible to the physically disabled. To date, however, Big 5 Sporting Goods Corporation refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, Big 5 Sporting Goods Corporation has possessed and enjoyed sufficient control and authority to modify the Store to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Big 5 Sporting Goods Corporation has not removed such impediments and has not modified the Store to conform to accessibility standards. Big 5 Sporting Goods Corporation has intentionally maintained the Store in its current condition and

has intentionally refrained from altering the Store so that it complies with the accessibility standards.

15. Wallen further alleges that the (continued) presence of barriers at the store is so obvious as to establish Big 5 Sporting Goods Corporation discriminatory intent.[1] On information and belief, Wallen avers that evidence of this discriminatory intent includes Big 5 Sporting Goods Corporation's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Store; conscientious decision to the architectural layout (as it currently exists) at the Store; decision not to remove barriers from the Store; and allowance that Big 5 Sporting Goods Corporation property continues to exist in its non-compliance state. Wallen further alleges, on information and belief, that Big 5 Sporting Goods Store is not in the midst of a remodel, and that the barriers present at the Store are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI. FIRST CLAIM

### **Americans with Disabilities Act of 1990**

### Denial of "Full and Equal" Enjoyment and Use

16. Wallen incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

---

[1] E.g., Gunther v. Lin, 144 Cal.App.4th 223, fn.6

[2] Id.; 28 C.F.R. § 36.211(b)

18. Big 5 Sporting Goods Corporation discriminated against Wallen by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Store during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21. Here, Wallen alleges that Big 5 Sporting Goods Corporation can easily remove the architectural barriers at Store without much difficulty or expense, and that Big 5 Sporting Goods Corporation violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for Big 5 Sporting Goods Corporation to remove the Store's barriers, then Big 5 Sporting Goods Corporation violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

Failure to Design and Construct and Accessible Facility

23. On information and belief, the Store was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

24. The ADA also prohibits designing and constructing facilities or first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, Big 5 Sporting Goods Corporation violated the ADA by designing and constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public – including Wallen – when it was structurally practical to do so.[3]

Failure to Make an Altered Facility Accessible

26. On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28. Here, Big 5 Sporting Goods Corporation altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Wallen – to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state of federal statutes.

can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30. Here, Big 5 Sporting Goods Corporation violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31. Wallen seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32. Wallen also seeks a finding from this Court (i.e., declaratory relief) that Big 5 Sporting Goods Corporation violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

### Disabled Persons Act

33. Wallen incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36. Both sections specifically incorporate (by reference) and individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37. Here, Big 5 Sporting Goods Corporation discriminated against the physically disabled public – including Wallen – by denying them full and equal access to the Store. Big 5 Sporting Goods Corporation also violated Wallen's rights under the ADA, and therefore, infringed upon or violated (or both) Wallen's rights under the Disabled Persons Act.

38. For each offense of the Disabled Persons Act, Wallen seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39. He also seeks to enjoin Big 5 Sporting Goods Corporation from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

## **Unruh Civil Rights Act**

40. Wallen incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41. California Civil Code § 51 states, in part, that; All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44. Big 5 Sporting Goods Corporation aforementioned acts and omissions denied the physically disabled public – including Wallen – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Wallen by violating the Unruh Act.

46. Wallen was damaged by Big 5 Sporting Goods Corporation wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

47. Wallen also seeks to enjoin Big 5 Sporting Goods Corporation from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48. Wallen incorporates the allegations contained in paragraphs 1 through 13 of this claim.

49. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

50. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51. Wallen alleges the Store is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store was not exempt under Health and Safety Code § 19956.

52. Big 5 Sporting Goods Corporation's non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Wallen and other persons with physical disabilities. Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Wallen prays judgment against Big 5 Sporting Goods Corporation for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Declaratory relief that Big 5 Sporting Goods Corporation violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.
3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.
4. Attorneys' fees, litigation expense, and costs of suit.[4]
5. Interest at the legal rate from the date of the filing of this action.

Dated: September 28, 2009

K. Randolph Moore
Attorney for Plaintiff

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.